FREMONT CAKE & MEAL CO. v.
WILSON & CO., Inc.

No. 14080.

United States Court of Appeals
Eighth Circuit.

June 27, 1950.

Maxwell V. Beghtol, Lincoln, Neb. (J. Lee Rankin, Lincoln, Neb., on the brief), for appellant.

Yale C. Holland, Omaha, Neb. (J. A. C. Kennedy, G. L. Delacy, Omaha, Neb., and Louis R. Simpson, Chicago, Ill., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLETT, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant against appellee by which appellant sought to compel arbitration of an alleged controversy arising under a contract between the parties to this suit concerning the delivery of six cars of soybean oil. It was alleged in the complaint (omitting much evidentiary matter) that plaintiff and defendant entered into a written contract for the delivery by plaintiff to defendant of thirty-six tank cars of crude soybean oil from October, 1945, through September, 1946, at prices and conditions set forth in the con-

tract; that the contract provided that all controversies arising thereunder should be settled by arbitration in accordance with the rules of the American Arbitration Association and that judgment on the award might be entered in the highest court of the forum, State or Federal, having jurisdiction; that in September, 1946, six tank cars of crude soybean oil were undelivered and by agreement between the parties time of delivery was extended until October and November, 1946; that the contract concerned interstate commerce, involving commerce among the states; that plaintiff failed to deliver the six tank cars; that notwithstanding the fact that the contract provided for arbitration, defendant, on July 11, 1947, filed suit in the United States Court for the District of Nebraska, asking damages in the sum of $43,000, without having submitted its complaint to arbitration; that in that action so brought by Wilson & Company, Fremont Cake & Meal Company filed an application asking the court to stay the trial until arbitration could be had in accordance with the United States Arbitration Act, Section 3, 9 U.S.C. A. § 3; that this motion was sustained; that on July 19, 1948, no answer yet having been filed, Wilson & Company dismissed the action then pending without prejudice and thereafter, on October 29, 1948, brought an action against Fremont Cake & Meal Company in the District Court of Dodge County, Nebraska, on the same cause of action as that brought in the United States District Court; that on November 19, 1948, Fremont Cake & Meal Company filed motion to vacate the order of dismissal of the action brought in the Federal Court but the said motion was denied; that on March 30, 1949, Fremont Cake & Meal Company filed a motion in the United States District Court again asking that further proceedings be stayed, which motion was denied. The complaint prayed for an order requiring arbitration proceedings between the parties as provided for in the contract, in the Federal Arbitration Act, 9 U.S.C.A. § 1 et seq., and under the rules of the National Soybean Processors Association.

Wilson & Company answered, admitting the allegations as to jurisdictional facts and the execution of the contract but alleged that the contract did not provide for arbitration, denied the jurisdiction of the court over the controversy because it had brought and there was then pending in the District Court of Dodge County, Nebraska, an action on the same contract here involved seeking damages for its breach, and that at the time of the commencement of that action there was no action of any character pending between the parties in any court, nor were there any pending arbitration proceedings, and that the District Court of Dodge County, Nebraska, had sole and exclusive jurisdiction of the controversy. By supplemental answer it was alleged that on September 23, 1949, in the State Court action between the parties hereto a verdict was rendered in favor of Wilson & Company against Fremont Cake & Meal Company, in the amount of $41,175, and that judgment for said amount was duly entered thereon by the court in favor of Wilson & Company and against Fremont Cake & Meal Company; that the present action was instituted after the District Court of Dodge County, Nebraska had taken jurisdiction over the controversy.

The court heard the proceeding on its merits and found the issues in favor of the defendant. In its findings the court set out an abstract of the Commercial Arbitration Rules of the American Arbitration Association. Under these rules any party to a contract containing a clause providing for arbitration by the American Arbitration Association may commence an arbitration by giving written notice to the other party of intention to arbitrate and by filing with the administrator two copies of the notice, together with copies of the contract. The rules contain provision for the filing of answer and for the payment of administrative fee. The rules also make provision for the appointment of arbitrators, the manner of hearing and course of procedure, and the making of the award. The court then specifically found that, "Neither party to this action has ever given to the other any written notice containing the matter prescribed in subsection (a), or filed with the Administrator, at any place, the items specified in subsection (b) of

Article III, section 7, or paid any initial fee as resquired by Article III, section 9, all above quoted. * * * Nor have the parties to this suit ever commenced a voluntary arbitration of their controversy * * *."

The court also found that Fremont Cake & Meal Company not only had taken none of the explicitly defined steps to initiate arbitration, but that, "Its course in the entire controversy has been dilatory and obstructive only. It has taken no affirmative action looking to the resolution, by any forum, of its differences with Wilson & Company. Its claimed default in the delivery of the soybean oil occurred late in 1946, nearly three years ago. Despite the early threats of Wilson & Company in two letters, supra, to invoke the arbitration clause of the contract, it remained silent touching arbitration and did not itself initiate the process or even assent to Wilson & Company's suggestion of its availability."

The court found that the action in the District Court of Dodge County, Nebraska was instituted October 29, 1948, more than five months before the filing of the complaint in this action, and that that action had gone to judgment in favor of Wilson & Company as alleged in its supplemental answer.

The court expressed the view that neither party under the contract was obliged to take the initiatory steps to compel arbitration but the parties were free to utilize the facilities of the courts or to settle their differences without resort either to the courts or to arbitration and hence neither party could be held to be in default because it had not initiated the arbitration procedure or because it had recourse to the courts. The court accordingly dismissed plaintiff's complaint on its merits. 86 F. Supp. 968.

Appellant in seeking reversal contends that the court erred in finding that Wilson & Company had not refused to arbitrate. The suit is brought under the United States Arbitration Act, Title 9 U.S.C.A. § 4. By Section 2 of this Act it is provided that a written provision in any contract involving commerce to settle by arbitration a controversy arising out of such transaction, or

an agreement in writing to submit to arbitration an existing controversy arising out of such a contract shall be valid and enforceable. By Section 3 it is provided that if any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration, the court in which the suit is pending shall upon application of one of the parties stay the trial until such arbitration has been had, provided the applicant for the stay is not in default in proceeding with such arbitration. Section 4 provides in part as follows: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States which, save for such agreement, would have jurisdiction under the judicial code at law, in equity, or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

The present proceeding is not for the purpose of obtaining a stay but is a proceeding for the specific enforcement of this provision of the contract. Krauss Bros. Lbr. Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004. Under the findings of the trial court which are presumptively correct and which we think are sustained by substantial evidence, we are clear that on the merits the plaintiff was not entitled to an order for specific performance.

In addition to this it may be observed that before this proceeding was instituted the actual substantive controversy between the parties had already been adjudicated by a court having jurisdiction both of the parties and the subject matter. There was no remaining substantive controversy between the parties. The only controversy here involved is as to the procedure by which the actual controversy should be determined. The controversy itself having been adjudicated, the proceeding to determine the procedure came too late as there was no controversy to arbitrate. The province of a court is to decide real controversies and to determine rights actually controverted, and "The judicial

60

power does not extend to the determination of abstract questions." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 472, 80 L.Ed. 688.

█ Even if the court had held that plaintiff was entitled to the specific enforcement of this part of the contract between the parties which referred to procedure only it is not perceived how such a decision could be of any conceivable benefit to the plaintiff in an action already determined by a decision of the State Court. The Federal Court and the State Court had concurrent jurisdiction of the actual controversy between the parties. The State Court obtained jurisdiction of that controversy long prior to the commencement of the present proceeding. A conflict of jurisdiction is always to be avoided if possible and it is a general rule that the right of a plaintiff to prosecute his suit in a court having once attached, will not be taken away by proceedings in another court. The decision in this case does not purport to interfere in any respect with the jurisdiction of the State Court but unless it could have such an effect it can not be said to determine any actual substantive controversy between the parties. The order appealed from is therefore affirmed.