**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Appellant,**

*v.*

**LOUISIANA POWER & LIGHT COMPANY, Appellee.**

No. 19428.

United States Court of Appeals Fifth Circuit.

Oct. 30, 1962.

James C. Henriques, New Orleans, La., John A. Boykin, Jr., John C. McRee, Atlanta, Ga. (Ogden, Woods, Henriques & Rives, New Orleans, La., William S. Connolly, Atlanta Ga., of counsel), for appellant.

Andrew P. Carter, E. G. Taggart, Monroe & Lemann, Melvin I. Schwartzman, New Orleans, La., for appellee.

Before CAMERON, JONES and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

The question before us here is whether the lower court erred in dismissing on the pleadings appellant's complaint praying for a declaratory judgment and injunction, and in giving judgment for appellee. The basis of the dismissal was that "the policy against relitigation of issues and the principles of comity" counseled restraint in halting "state court proceedings" to "enforce a questionable federal right to arbitration."

Appellant Southern Bell Telephone and Telegraph Company (hereinafter referred to as Telephone Company) is a New York corporation and appellee Louisiana Power and Light Company (hereinafter referred to as Power Company) is a Florida corporation. Jurisdiction was invoked under the Federal Arbitration Act[1] and on the ground that the parties are citizens of different states[2] and that the amount in controversy exceeds $10,-000.00.[3]

Telephone Company and Power Company have, since 1929, operated under an agreement for the joint use of utility poles in Louisiana. This agreement contains indemnity provisions and an arbitration provision, and the real bone of contention between the parties is whether the indemnity provisions in the agreement are to be governed by the arbitration provision set out therein. However, that issue of substantive law is not before us now.

One of Telephone Company's employees was electrocuted while working on a jointly used pole. Telephone Company discharged its legal obligations under the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1021 et seq. The deceased employee's wife, individually and as executrix for his minor children, brought a tort suit against Power Company in a Louisiana State Court. Power Company answered and incorporated a third party petition naming Telephone Company as a third-party defendant, alleging that Telephone Company and the employee were negligent and that Power Company was not negligent and that, therefore, if judgment should be rendered against Power Company, the Power Company be given judgment over against Telephone Company under the indemnity provision[4] of the joint use agreement.

Telephone Company took and still urges the position that any indemnity liability as between the two parties to the agreement should be determined by arbi-

1. 9 U.S.C.A. § 1 et seq.

2. 28 U.S.C.A. § 1332.

3. 28 U.S.C.A. § 1331.

4. The pertinent provision is:
"Each party shall indemnify and hold the other party harmless from all damages for such injuries to the former's employees or the former's own property that are caused by the negligence of both parties hereto or that are not shown to have been caused by the sole negligence of the other party."

tration in accordance with that provision [5] of the agreement. Telephone Company's exceptions to the third-party petition in the state court were overruled and it sought a stay of the third-party action under the provisions of the Louisiana Arbitration Act,[6] but the state court refused to grant the stay. That ruling was affirmed by the Louisiana Court of Appeals and the Louisiana Supreme Court refused certiorari on the ground that Telephone Company would have a remedy by appeal in the event of an adverse judgment on the merits. Rights under the Federal Arbitration Act were not pressed in the state court proceedings.

Telephone Company then filed this action in the United States District Court for the Eastern District of Louisiana, praying for a declaratory judgment and preliminary and permanent injunctions establishing and enforcing their claimed right to arbitration. The state court suit, as far as we are advised, has not yet reached a final hearing on the merits and it may be that it will be decided by that court that the heirs and representatives of Telephone Company's employee are not entitled to recover from Power Company. In that event Power Company and Telephone Company will have no controversy to arbitrate.

The District Court here dismissed the complaint before us, saying (1) it was doubtful whether the Arbitration Act was applicable,[7] (2) but if it was, state courts could enforce federal rights, and (3) "the policy against relitigation of issues and principles of comity" counseled restraint in halting "state court proceedings" to "enforce a questionable federal right."

In our opinion, the complaint of appellant Telephone Company states a claim upon which relief can be granted. We think that it is further plain that the pendency of a state court suit involving the same subject matter does not in any way interfere with the right of the federal court to proceed. Kline v. Burke Const. Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 266, 24 A.L.R. 1077; Glen Oaks Utilities, Inc. v. City of Houston, 5 Cir., 1960, 280 F.2d 330. And cf. Magnolia Textiles, Inc. et al. v. Gillis et al., 1949, 206 Miss. 797, 41 So.2d 6, and Niehaus et al. v. Magnolia Textiles, Inc., 5 Cir., 1949, 175 F.2d 977, where suits involving identical issues and subject matter were litigated simultaneously to final judgments in State and Federal Courts. The doctrine of abstention [8] is not involved because no question of the construction of state law is involved here. It follows, therefore, that the final judgment on the pleadings in favor of appellee Louisiana Power Company was erroneous.[9]

If the court below was precluded by 28 U.S.C.A. § 2283 from issuing an injunction staying the state proceedings (which we do not decide—nor do we intimate that the plaintiffs in the state court suit should be held out of any relief to which they may be entitled while their adversaries litigate their private controversy), dismissal was not the remedy. Telephone Company has the right to a decision on the declaratory judgment issue and is entitled to pursue that right in the forum of its choice. Nor is the state

---

5. "When differences arise in connection with the administration of this agreement, which cannot amicably be settled by the parties hereto, such questions shall be submitted for determination to a Board of Arbitrators to be selected as follows: [A method of selection is set out.]"

6. LSA–Rev.Stat. 9:4201 et seq.

7. Relief depends on whether the agreement to arbitrate is "a written provision in any contract evidencing a transaction involving commerce."

8. See Empire Pictures Distributing Company v. City of Fort Worth, 5 Cir., 1960, 273 F.2d 529, for a review of the cases.

9. Fremont Cake and Meal Co. v. Wilson & Co., 8 Cir., 1950, 183 F.2d 57, and Manufacturers Record Publishing Co. v. Lauer, 5 Cir., 1959, 268 F.2d 187, are not in point. In each of those cases the state court actions had proceeded to final judgment before action was brought in federal courts.

court fettered in proceeding to a disposition of the issues presented in the case before it.

Estoppel and the other points argued by the parties are not now before us. The judgment of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.