**COMMONWEALTH EDISON COMPA-
NY, a corporation, Petitioner-
Plaintiff,**

v.

**GULF OIL CORPORATION, a corpo-
ration, et al., Respondents-
Defendants.**

No. 75 C 153.

United States District Court,
N. D. Illinois, E. D.

Sept. 30, 1975.

Richard E. Powell, Paul M. Murphy, Chicago, Ill., for petitioner-plaintiff.

James T. Otis, Ira S. Shapiro, Chicago, Ill., Harry L. Bigbee, Santa Fe, N. M., for respondents-defendants.

### RULING ON MOTION

AUSTIN, District Judge.

Commonwealth Edison Company, the Plaintiff in this litigation, petitioned that this court issue an order directing that all of the parties to this lawsuit proceed to arbitration according to an agreement signed by Edison and one of the Defendants. Furthermore, the Plaintiff requested that this court stay a state court proceeding involving the

same issues and all but one of the parties. For the reasons stated below, the Plaintiff's motion to compel arbitration is granted; however, the state court action need not be enjoined.

This dispute involves a contract entered into between Plaintiff and one of the Defendants, United Nuclear Corporation (United). The contract called for United, and ultimately its successors (the three other Defendants in this action) to supply nuclear fuel to Edison. Eventually, the seller claimed that it possessed the right to terminate the contract; Edison disagreed and demanded that the two sides arbitrate the matter according to the terms of the contract.[1] However, instead of arbitrating, Defendant General Atomic Company (General) instituted an action in the Circuit Court of LaSalle County, Illinois apparently asking that court to stay any arbitration proceedings and rule on the issue of whether or not General, and its partners, Gulf Oil Corporation and Scallop Nuclear, Inc., were bound by the terms of the contract.

In June of 1975, the Illinois Circuit Court ruled in favor of Edison and ordered the three Defendants to submit to arbitration. That decision is currently under review by the Illinois Appellate Court.

The issues before this court are whether or not I should order all four Defendants and the Plaintiff in this action to arbitrate their dispute and also stay the state court proceedings currently pending. In my opinion, arbitration, but not a stay, is necessary.

Section Four of the Federal Arbitration Act, 9 U.S.C. §§ 1–14, provides a mechanism whereby a party to an arbitration agreement can petition a district court for an order forcing a reluctant party to arbitrate according to the terms of their written agreement. By enacting such legislation, the Congress recognized the value of arbitration in the commercial setting. The nation's courts have followed this line of reasoning by requiring that the arbitration process move swiftly. In interpreting the intent of the Congress in enacting this legislation, the Supreme Court stated that the Arbitration Act had the "unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270, 1277 (1967).

■ The Defendants argue that this court refrain from exercising its jurisdiction at least until the entire state court proceeding is complete. However, precedent indicates that such a course of action would be unwise under these circumstances. "It is settled that a federal court's power to abstain from exercise of its jurisdiction is limited to narrow and exceptional circumstances . . . ." *Ungar v. Mandell*, 471 F.2d 1163, 1166 (2d Cir. 1972) *Cf. Zwickler v. Koota*, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967) and *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). To abstain in this situation would possibly harm the rights which the Plaintiff possesses against Defendant United, which is not a party to the pending state litigation. Even if the final state court decision were to order all of the parties before the Illinios

---

1. The arbitration clause in the contract stated that:
"Any dispute arising from this Contract, including any failure to agree upon any matter where this Contract provides for future agreement of the parties, shall be submitted to arbitration on request of either party. One arbitrator shall be appointed by agreement of the parties or, in default of agreement, in accordance with the rules of the American Arbitration Association, which rules also shall govern the arbitration proceedings . . . ."

court to arbitrate, Defendant United, as a nonparty to that litigation, would not be compelled to arbitrate as a result of the Illiniois court's order. Therefore, abstention by this court now is unwise because of the possible prejudice of the rights which Edison may have against United.

■ Section Four of the federal arbitration statute (9 U.S.C. § 4) provides that a district court judge shall order the parties to arbitrate once he is satisfied that the making of the arbitration agreement and the failure to comply with it are not in issue. I believe that such is the case here; all parties agree that the agreement here was entered into by the litigants and nobody disputes the fact that one party is unwilling to commence arbitration proceedings. Precedent indicates that this is all that the district court should consider in ruling on this issue. The Supreme Court stated: " . . . a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co., supra* 388 U.S. at 404, 87 S.Ct. at 1806. *Accord, Halcon International, Inc. v. Monsanto Australia, Ltd.,* 446 F.2d 156 (7th Cir. 1971). *Cf. Island Territory of Curacao v. Solitron Devices, Inc.,* 356 F.Supp. 1 (S.D.N.Y.1973), *aff'd.* 489 F.2d 1313 (2d Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S. Ct. 2389, 40 L.Ed.2d 763 (1974).

■ The courts of this nation have long construed arbitration clauses broadly, and I will continue that trend. As the Seventh Circuit stated: "Under federal law, arbitration clauses are liberally construed." *Galt v. Libbey-Owens-Ford Glass Co.,* 376 F.2d 711 (7th Cir. 1967). It is the obvious policy of the Federal Arbitration Act to promote arbitration so that the congestion of the courts is eased and, because of this, I choose to avoid the restrictive readings of the arbitration agreement suggested

by the Defendants in their briefs. *See Shanferoke Coal & Supply Corp. v. Westchester Service Corp.,* 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 647 (1935) and *Kulukundis Shipping Co. v. Amtorg Trading Corp.,* 126 F.2d 978 (2d Cir. 1942). Whenever there is any doubt as to the arbitrability of an issue, the question is always resolved in favor of arbitration. *See e.g., Southern Bell Telephone and Telegraph Co. v. Louisiana Power & Light Co.,* 221 F.Supp. 364 (D.La.1963).

Courts are willing to order arbitration in situations where the parties agree to it by contract. For example, the Seventh Circuit, in *Halcon International, Inc. v. Monsanto Australia, Ltd., supra,* ordered arbitration under the terms of the Federal Arbitration Act. That court spoke favorably of commercial arbitration and indicated that public policy limited a court's role in the arbitration process. A similar result was reached in *Southern Bell Telephone and Telegraph Co. v. Louisiana Power & Light Co.,* 309 F.2d 181 (5th Cir. 1962). There, the court reversed a district court dismissal of a suit filed in the federal courts after a state court suit commenced. The district court, on remand, (*Southern Bell Telephone and Telegraph Co. v. Louisiana Power & Light Co.,* 221 F.Supp. 364 (D.La.1963), ordered arbitration.

■ Courts in the Southern District of New York have also faced similar issues on several occasions and they have likewise concluded that the issuance of an order compelling arbitration was the proper course of action. *See, e. g., Burger Chef Systems, Inc. v. Baldwin, Inc.,* 365 F.Supp. 1229 (S.D.N.Y.1973) and *Network Cinema Corp. v. Glassburn,* 357 F.Supp. 169 (S.D.N.Y.1973). Those courts would not allow one party to circumvent an arbitration clause through the utilization of state court litigation and neither will I; to do so defeats the basic purposes of arbitration itself. *See Necchi Sewing Machine Sales Corp.*

*v. Carl*, 260 F.Supp. 665 (S.D.N.Y. 1966). *Cf. Freemont Cake & Meal Co. v. Wilson & Co.*, 86 F.Supp. 968 (D.C. Neb.1949), *aff'd* 183 F.2d 57 (8th Cir. 1950).

Federal courts are empowered to enjoin state court proceedings only in very limited situations. 28 U.S.C. § 2283 grants, and restricts, that authority.[2] I am reluctant to exercise the injunctive power given by that statute because of the fact that interference with another court's activities does not advance the relationship between the federal and state judiciaries.

■ In order for me to enjoin the pending state court action, one of the statutory exceptions of § 2283 must be present. *Atlantic Coast Line R. R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). It is apparent that none of the exceptions exist here, with the possible exception of that phrase pertaining to the protection or effectuation of judgments. If the possibility existed that the state court judgment would be inconsistent with my own, that phrase would come into play. However, there is no likelihood that this court's judgment could be considered inconsistent with the ultimate state court determination because the Illinois court is dealing with rights arising out of the Illinois Uniform Arbitration Act (Ill.Rev.Stat., ch. 10, §§ 101–123), while this court is concerned with rights which spring from a different statutory source, the Federal Arbitration Act. Consequently, there is no need to enjoin the state court proceedings since an injunction is not necessary to protect or effectuate this court's judgment.

For these reasons, the Defendants are ordered to submit to arbitration.

2. 28 U.S.C. 2283 reads:
   "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."