**SPRAGUE & RHODES COMMODITY CORPORATION, Petitioner-Appellant,**

v.

**INSTITUTO MEXICANO DEL CAFE, Respondent-Appellee.**

No. 266, Docket 76–7412.

United States Court of Appeals, Second Circuit.

Argued Nov. 11, 1977.

Decided Dec. 7, 1977.

Leonard S. Baum, New York City (Phillips, Nizer, Benjamin, Krim & Ballon, New York City, George P. Birnbaum, New York City, of counsel), for petitioner-appellant.

Robert M. Blum, New York City (Silberfeld, Danziger & Bangser, New York City, Judy A. Bluestein, James G. Samson, New York City, of counsel), for respondent-appellee.

Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.

### PER CURIAM:

Sprague & Rhodes Commodity Corporation (S&R), an importer of green coffee in the United States, appeals from an order of the Hon. Lawrence W. Pierce, entered August 17, 1976 in the United States District Court for the Southern District of New York, dismissing appellant's petition to compel arbitration of a commercial dispute pursuant to section four of the Federal Arbitration Act, 9 U.S.C. § 4. The appellee is the Instituto Mexicano Del Cafe (Instituto), a governmental agency created by the Republic of Mexico to regulate the quantity and price of coffee exported from that country. Instituto also operates as a private commercial enterprise selling coffee for its own account directly to United States importers.

Instituto had brought an action in the Superior Court of Mexico, Federal District, alleging that S&R failed to pay it for coffee delivered under contract. On April 26, 1976 Chief Judge Edelstein of the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1696, ordered service on S&R of letters rogatory issued by the Mexican court, thus giving S&R notice of the Mexican action. Subsequently, S&R sought from the district court both an order to vacate the grant of letters rogatory and an order pursuant to 9 U.S.C. § 4 directing the parties to arbitration.

Judge Pierce held that S&R had failed to make a showing that any written agreement which contained an arbitration provision existed between the parties. He further took notice that the underlying dispute was then being litigated in the Mexican court.

After Judge Pierce had denied the petition for arbitration and had refused to vacate the grant of letters rogatory on August 17, 1976, the parties proceeded to attempt to negotiate a settlement of the dispute. S&R, which had noticed this appeal, permitted it to be dismissed in December, 1976, apparently believing that a settlement could be reached. Unfortunately, no compromise was effected and this appeal was reinstated without opposition in July, 1977. On September 22, 1977 the Mexican court rendered judgment in favor of Instituto for the full amount of its claim. Instituto then asserted on appeal here that the dispute was moot since the Mexican judgment was *res judicata.* S&R moved this court on October 17, 1977 for an order striking from Instituto's brief any reference to the Mexican judgment of September 22, 1977. Judge Meskill granted that motion. Subsequently, Instituto requested reconsideration of this order by this panel. On the argument of this appeal, the court granted the motion of Instituto in view of the relevance of the decree of a foreign court which purportedly had determined the merits of the very dispute which S&R sought to have arbitrated. Rule 201 of the Federal Rules of Evidence permits this court to take judicial notice of judgments of courts of record even though the fact is presented for the first time on appeal. See 21 C. Wright & K. Graham, Federal Practice and Procedure § 5110.

▇ If the Mexican court had jurisdiction, its adjudication of the merits may affect any decision to compel arbitration. *Freemont Cake & Meal Co. v. Wilson & Co.,* 183 F.2d 57 (8th Cir. 1950). Appellant vig-

orously contends that it never entered an appearance. S&R argues that although Mr. Gonzalez Bendiksen, a Mexican attorney, appeared as "gestor officioso", it carefully avoided taking any steps under Mexican law which would have given the court jurisdiction because of an appearance by counsel, and thus prevent it from attacking the court's jurisdiction collaterally. While we take notice that a default judgment has been entered against S&R in Mexico we have no basis on the record before us to determine whether Bendiksen's appearance provided a valid jurisdictional underpinning for the judgment. If S&R did not appear specially, its right to contest the jurisdiction of the Mexican court in an action to enforce the judgment of that court is clear. *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). The issue therefore remains as to the jurisdictional effect, if any, of the appearance made in this case.

The foregoing discussion makes it evident that the issue may well be decisive here because appellant may be seeking arbitration of a matter that has been adjudicated. Thus, since the determination of the effect of the Mexican judgment depends upon disputed issues of fact and law not litigated in the district court, we remand the question to that court for determination with such hearing as it, in its discretion, deems appropriate. If the court finds that S&R did enter a special appearance in the Mexican court, then appellant has no right to contest in a collateral action the jurisdiction of that court. *Baldwin v. Iowa State Traveling Men's Ass'n, supra.* However, if the district court determines S&R made no appearance in the Mexican court then the jurisdiction of the foreign court may be disputed. On this point it should be noted that service of the Mexican letters rogatory pursuant to 28 U.S.C. § 1696 does not require recognition or enforcement of the Mexican judgment.*

The order appealed from is vacated and this matter is remanded to the district court for consideration pursuant to our instructions.

---

* If the district court finds that the Mexican court had jurisdiction, then it should determine the *res judicata* effect, if any, that the foreign judgment has in this case, see Restatement of Conflicts, Second § 98, and any other effects the valid judgment would have on the petition to compel arbitration. *Freemont Cake & Meal Co. v. Wilson Co., supra.*