In the Matter of the Application of MONTIFIORE G. KAHN to Compel the NATIONAL CITY BANK OF NEW YORK to Proceed with Arbitration.

THE NATIONAL CITY BANK OF NEW YORK, Appellant; MONTIFIORE G. KAHN, Petitioner, Respondent.

First Department, February 16, 1940.

*Barney B. Fensterstock* of counsel [*Harry Zalkin* with him on the brief; *Zalkin & Cohen*, attorneys], for the appellant.

*Samson Selig* of counsel [*Abraham J. Multer* and *William F. Roche* with him on the brief; *Samson Selig*, attorney], for the respondent.

UNTERMYER, J. Controversies having arisen between Montifiore G. Kahn, the petitioner, and The National City Bank of New York concerning certain ruble deposits theretofore made with the bank in Russia, a written agreement of settlement was executed between these parties on December 30, 1931, which contained a provision for the submission of specified controverted issues to an arbitrator designated therein. That agreement, however, was not acknowledged by the parties. At that time section 1449 of the Civil Practice Act provided: " A submission authorized by the last section shall be in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded."

In June, 1937, the petitioner commenced a proceeding to require The National City Bank to proceed to arbitration under the agreement of December 30, 1931. An order was entered on August 12, 1937, directing arbitration, but upon reargument and by order of January 6, 1938, the earlier order was vacated and the application denied upon the ground that " the court lacked jurisdiction to entertain the proceedings to compel arbitration because the agreement of December 30, 1931, was an agreement to submit an existing controversy to arbitration and was not acknowledged as required by law."

After the order of August 12, 1937, directing arbitration but before the order on reargument denying the application, an amendment of section 1449 of the Civil Practice Act took effect on September 1, 1937, by which the provision requiring a submission to arbitration to be acknowledged was omitted. It does not appear whether the Special Term on the reargument was informed of that amendment or whether it concluded that the amendment was not applicable because the motion had been submitted before the amendment took effect.

On appeal to this court, the order of January 6, 1938, was unanimously affirmed without opinion (256 App. Div. 906) and the petitioner's application for leave to appeal to the Court of Appeals was denied (256 App. Div. 977).

On February 9, 1939, this second proceeding was instituted by Kahn on a petition which contains substantially the same allegations as those in the earlier proceeding. The application was granted by the Special Term on the ground that " the new section 1449 of the Civil Practice Act, under which the petitioner now brings his application, confers jurisdiction upon the court where none existed before. Under the prior statute, if the agreement was not properly acknowledged, it gave ' no basis for assumption of jurisdiction by the court.' "

We think the court had jurisdiction to entertain the earlier proceeding notwithstanding that the contract was not acknowledged and that accordingly its order denying arbitration is conclusive on the parties.

It is not important to determine whether the Special Term, which by its order of January 6, 1938, after reargument, denied the petitioner's motion to compel arbitration on the ground that the agreement of the parties was not acknowledged, was correct or whether it should have applied the amendment to section 1449 of the Civil Practice Act (Laws of 1937, chap. 341), which did not take effect until September 1, 1937, after the motion for arbitration was made. Nor is it important whether this court was correct in affirming the order of the Special Term which had denied arbitration. The order which was entered on January 6, 1938, and affirmed by this court was a final order in a special proceeding (*President Self Service* v. *Affiliated Restaurateurs*, 280 N. Y. 354; *Matter of Marchant* v. *Mead-Morrison Manufacturing Co.*, 252 id. 284, 292) equivalent to a judgment in an action (*Williams* v. *Barkley*, 165 N. Y. 48) and decisive of every issue therein (*Dwight* v. *St. John*, 25 N. Y. 203) unless the court was without jurisdiction in that proceeding and its order a nullity (*Cahill* v. *Wissner*, 183 App. Div. 659), as the Special Term has held. For, if the court had jurisdiction to make the order of January 6, 1938, denying the petition to compel arbitration, then its order was not affected by any subsequent amendment of the statute. (*Lemm* v. *Mitchell*, 106 L. T. Rep. 359; *Kay* v. *Goodwin*, 6 Bing. 576, by TINDAL, C. J.)

Although the term " jurisdiction " has been frequently abused (*Watson* v. *Jones*, 80 U. S. [13 Wall.] 679, 732; *People ex rel. Gaynor* v. *McKane*, 78 Hun, 154; 35 C. J. 426), we think that it is not accurate to say that the Supreme Court was without jurisdiction to

entertain a proceeding for arbitration because the agreement was not acknowledged by the parties. By the Constitution (Art. VI, § 1) and the statutes (former Arbitration Law, § 3), the Supreme Court had power to determine whether the parties should be required to arbitrate their differences. (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Mussen* v. *Ausable Granite Works*, 63 Hun, 367.) The jurisdiction to decide that issue did not depend on the correctness of the decision whether on questions of fact or on questions of law. (*People* v. *Sturtevant*, 9 N. Y. 263; *Buffalo & State L. R. R. Co.* v. *Supervisors Erie County*, 48 id. 93.) Even the Arbitration Law when first enacted (Laws of 1920, chap. 275) did not confer any new or additional jurisdiction on the Supreme Court (*Matter of Berkovitz* v. *Arbib & Houlberg, supra; Mittenthal* v. *Mascagni*, 183 Mass. 19), but only rendered " Valid, enforcible and irrevocable " " a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract " (Arbitration Law, § 2) which, theretofore, was not enforcible. It might with equal reason be contended that a judgment of the Supreme Court is void, and that it may be disregarded with impunity, where it awards damages or enforces specifically any contract which should have been held to be unenforcible. The effect of a decision to the contrary would be most unfortunate. It would allow any party who, before the amendment of September 1, 1937, had been defeated in attempting to enforce an unacknowledged agreement to arbitrate now to make a new application for the same relief, subject only to such Statute of Limitations as may apply. In the absence of strong indications to the contrary, we ought not to ascribe to the Legislature the intention, by this amending statute to invalidate adjudications previously made and, in doing so, to revive claims which had been tried and rejected as unenforcible by the court. So to hold would indeed " nullify by relation the things already done " and invalidate " decisions already filed." (*Matter of Berkovitz* v. *Arbib & Houlberg, supra.*)

If the Special Term had jurisdiction both over the parties and over the subject-matter, then its order of January 6, 1938, refusing arbitration, affirmed by this court, is *res adjudicata* in this proceeding. (*Lemm* v. *Mitchell, supra.*) That order could not have been otherwise than on the merits. The petition was dismissed because, rightly or wrongly, the Special Term considered that a condition essential to the enforcement of such contracts did not exist. It decided, therefore, that under the law applicable to the undisputed facts arbitration could not be enforced between these parties under this contract. This is true even though the court in its memorandum inaccurately described as want of " jurisdiction " what

was in truth a failure to establish facts sufficient to justify a direction to the parties to proceed to arbitration. (Compare *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.,* 274 N. Y. 388, at p. 402.)

There are, indeed, decisions which have held that arbitrators do not acquire jurisdiction unless the agreement to arbitrate is acknowledged, of which *Matter of Buckley* v. *Lippmann* (223 N. Y. 539) is illustrative. But these were cases where the parties had adopted the alternative procedure authorized in the statute by submitting the controversy to arbitrators without any previous decision by the court sustaining the validity of the contract to arbitrate. (See *Finsilver, Still & Moss* v. *Goldberg, M. & Co.,* 253 N. Y. 382.) Since the arbitrators, in the absence of an order directing arbitration, derive their jurisdiction from the agreement of the parties and not, as does the court, from the Constitution and statutes of the State, such decisions are not applicable here.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., and CALLAHAN, J., concur; TOWNLEY and COHN, JJ., dissent.

Order reversed, with twenty dollars costs and disbursements, and motion denied.