**In the Matter of the Arbitration between TOWERS, PERRIN, FORSTER & CROSBY, INC.,**

v.

**B. Peter BROWN and David F. Riding, Appellants.**

**No. 82–1526.**

United States Court of Appeals, Third Circuit.

Argued March 9, 1983.

Decided April 20, 1984.

Michael F. Eichert (argued), Bloom, Ochs, Fisher & Anderson, Philadelphia, Pa., William T. Murphy, The Law Offices of Chris Schaefer, San Rafael, Cal., for appellants.

Thomas M. Kittredge (argued), Deborah A. Lefco, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from an order of the district court granting Towers, Perrin, Forster & Crosby's (TPFC) petition compelling arbitration and staying an action brought by Brown and Riding in the state court in California. Jurisdiction in the district court was based on diversity. The order compelling arbitration is appealable under 28 U.S.C. § 1291. *Gavlik Construction Co. v. H.F. Campbell Co.*, 526 F.2d 777, 782 (3d Cir.1975). TPFC argues that the *Enelow-Ettelson* doctrine prevents our hearing an appeal from the order staying proceedings in the state court. The *Enelow-Ettelson* doctrine applies only to a court's stay of its own proceedings, however, so the order staying proceedings in California is appealable under 28 U.S.C. § 1292(a)(1). *FDIC v. Santiago Plaza*, 598 F.2d 634, 635–36 (1st Cir.1979); 16 Wright et al., Federal Practice & Procedure § 3923 at 48.

I

Brown and Riding were employed as insurance agents and brokers in TPFC's San Francisco, California office. As one of the perquisites of employment they became eligible to purchase TPFC shares. Only employees were permitted to be shareholders, and the company repurchased shares held by employees who left the firm. The terms and conditions of share ownership were specified in a Shareholder's Agreement, which was later made part of TPFC's by-laws.

Among the terms in the Shareholder's Agreement was a noncompetition covenant, which provided that a stockholder leaving TPFC would forfeit the increase over purchase price of his shares unless he agreed not to compete with TPFC for two years after leaving the firm. Another term in the Agreement provided that any dispute "with respect to the provisions" governing share ownership would be subject to arbitration.

Brown and Riding decided to leave TPFC and start a competing business. TPFC gave notice that it would not redeem their stock at its appreciated value unless they agreed to, and did, abide by the noncompetition covenant. Brown and Riding filed an

action in the state superior court seeking a declaratory judgment that the noncompetition and forfeiture provisions were unenforceable, and damages in the amount of the appreciation of their TPFC stock. In addition to its answer, TPFC filed a petition to compel arbitration pursuant to the California Arbitration Act, Cal.Civ.Proc.Code §§ 1280 *et seq.* The superior court denied the petition to compel arbitration, and TPFC appealed.

Over two months after TPFC's petition in the state court was denied, and while its appeal was pending, TPFC filed a petition in the District Court for the Eastern District of Pennsylvania to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* and to stay the California proceedings. The district court denied Brown and Riding's motion to dismiss, and TPFC moved for summary judgment. While this motion was pending, the California Court of Appeal affirmed the state court's denial of TPFC's petition on the ground that the Agreement involved employee compensation, and that California Labor Code § 229 prohibits arbitrating such disputes. The state supreme court denied TPFC's petition for review on July 7, 1982. On August 25, 1982, the district court granted TPFC's motion to compel arbitration and stayed the California proceedings on the merits. This appeal followed.

## II

Brown and Riding argue that the district court's order was error because the California decision that the dispute was not arbitrable is res judicata. The preclusive effect of the California judgment in the federal court is governed by 28 U.S.C. § 1738, which provides that state court judgments "shall have the same full faith and credit in every court ... as they have by law or usage in the courts of such State ... from which they are taken." Thus, we must determine what preclusive effect California would give its own judgment in order to know what effect it should have been given in the district court. *Migra v. Warren*

*City School District Board of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Davis v. United States Steel Supply,* 688 F.2d 166, 170 (3d Cir.1982) (in banc), *cert. denied,* — U.S. —, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983).

█ In California, a subsequent suit between the same parties on the same cause of action is barred by res judicata if a prior suit was concluded on the merits by a court having subject matter jurisdiction. *Busick v. Workmen's Compensation Appeals Board,* 7 Cal.3d 967, 104 Cal.Rptr. 42, 500 P.2d 1386, 104 Cal.Rptr. 42 (1972); *Panos v. Great Western Packing Co.,* 21 Cal.2d 636, 134 P.2d 242 (1943); *Bernhard v. Bank of America N.T. & S.A.,* 19 Cal.2d 807, 810, 122 P.2d 892 (1942). The bar applies to claims or defenses that could have been raised in the prior proceeding, as well as to matters that were raised. *Sutphin v. Speik,* 15 Cal.2d 195, 99 P.2d 652 (1940); *City of Glendale v. Gardner,* 10 Cal.App.3d 777, 89 Cal.Rptr. 219 (1970); *Skidmore v. Solano County,* 154 Cal. App.2d 449, 316 P.2d 646 (1956). TPFC argues that the California judgment is not res judicata because the state court lacked subject matter jurisdiction, that the proceedings in the district court involved a different cause of action than those in state court, and that the California judgment is not final and therefore not preclusive. The district court held that it was not bound by the California judgment because that judgment was not final.

█ We first address whether the state court acted without subject matter jurisdiction. In proceedings in state or federal court to compel arbitration, the arbitrability of a dispute is governed by the Federal Arbitration Act if the arbitration provision is part of an agreement involving interstate commerce. *Southland Corp. v. Keating,* — U.S. —, — – —, 104 S.Ct. 852, 858–60, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* 460 U.S. 1, 26,

**348**

103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983).[1] TPFC argues that because its agreement with Brown and Riding involves interstate commerce, the superior court lacked subject matter jurisdiction to enter an order denying arbitration under California law. We reject this contention because in our view a state court's failure to apply controlling federal law does not go to that court's subject matter jurisdiction. The situation here is no different from any other where a federal right, because of the supremacy clause, is superior to a right arising under state law. The failure of the state court to give effect to the federal right is an error of law, not an act beyond the jurisdiction of the court. See *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1184 (11th Cir. 1981), where the federal court held that a state court had subject matter jurisdiction so that its denial of arbitration based on state law was res judicata.

■ TPFC next argues that the same cause of action is not involved in the California and the federal proceedings. For purposes of res judicata, California defines cause of action as "the obligation to be enforced." *Panos, supra,* 134 P.2d at 244. The California action, TPFC argues, is for a declaratory judgment and damages, while the federal action is for a stay and to compel arbitration. We believe, however, that the relevant comparison is not between the relief sought by Brown and Riding in the state court and by TPFC in the federal court, but between the relief TPFC sought in both actions. In California, a petition to compel arbitration involves a separate special proceeding. This proceeding was one brought by TPFC to enforce its right to arbitration, and TPFC could have asserted its rights under the Federal Arbitration Act but chose not to. This is precisely the type of situation in which the same cause of action is involved for res judicata purposes. It is irrelevant that TPFC was a defendant in state court but a plaintiff in federal court. A defendant's

right to compel arbitration is considered a compulsory counterclaim or affirmative defense, and if it is not asserted by a defendant, res judicata will prevent it from being raised affirmatively in another proceeding. See *Depuy-Busching General Agency v. Ambassador Insurance Co.,* 524 F.2d 1275 (5th Cir.1975); *Butchers Union Local 532 v. Farmers Markets,* 67 Cal.App.3d 905, 136 Cal.Rptr. 894 (1977); Restatement (Second) of Judgments, §§ 22(2), 23. We conclude that the proceedings to compel arbitration in the California court and the district court involved attempts by TPFC to enforce the same right, and thus the same cause of action.

■ TPFC further contends that the order denying arbitration is not final for res judicata purposes. There appears to be no California decision that has determined whether an order denying arbitration is entitled to preclusive effect in subsequent proceedings. Thus, our duty is to predict how the California Supreme Court would treat such an order. *Cf. Compagnie des Bauxites de Guinee v. Insurance Company of North America,* 724 F.2d 369, 371 (3d Cir.1983); *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1981). We conclude for several reasons that the California Supreme Court would hold that the order denying arbitration was a final order, and that res judicata applies.

Our first reason for predicting that this is a final order is that we do not believe that a subsequent petition to compel arbitration would be granted. What little case law there is on point indicates that the decision that a dispute is or is not arbitrable is conclusive of that issue. *In re Kahn,* 258 A.D. 632, 17 N.Y.S.2d 687, *appeal dismissed,* 284 N.Y. 515, 32 N.E.2d 534 (1940) (determination on first petition to compel arbitration that dispute is not arbitrable held res judicata in proceedings on subsequent petition to compel arbitration of same dispute); *Liberty Mutual In-*

---

**1.** At the time TPFC filed its petition in the state court, California courts applied the Federal Arbitration Act where the interstate commerce requirement was met. *Main v. Merrill Lynch, Pierce, Fenner & Smith,* 67 Cal.App.3d 19, 136 Cal.Rptr. 378 (1977).

*surance Co. v. Duray,* 5 Ill.App.3d 187, 283 N.E.2d 58 (1972) (determination, on motion to stay arbitration, that dispute was arbitrable held res judicata in subsequent proceedings for a declaratory judgment that dispute was not arbitrable). This is also a matter of common sense. There must be a limitation on successive petitions to compel arbitration other than the imagination or willpower of the party seeking arbitration, lest judicial proceedings on the merits be indefinitely delayed. Ordinarily this limitation is supplied by the bar of res judicata, and TPFC has called to our attention no authorities suggesting otherwise.

A second reason in support of our prediction is that we believe this order meets the standard of finality for res judicata that the judgment be "free from attack on appeal." *Morris v. McCauley's Quality Transmission Service,* 60 Cal.App.3d 964, 132 Cal.Rptr. 37, 42 (1976). The determination of non-arbitrability has been upheld on direct appeal and could not be reviewed again on appeal from a determination of the merits of the dispute. *Security Pacific National Bank v. Adamo,* 142 Cal.App.3d 492, 191 Cal.Rptr. 134 (1983); *George Ball Pacific, Inc. v. Coldwell, Banker & Co.,* 117 Cal.App.3d 248, 172 Cal.Rptr. 597 (1981); Cal.Civ.Proc.Code §§ 906, 1294.2.

■ TPFC argues that the California order cannot be res judicata because the merits of the dispute have not yet been decided. Although a trial on the merits has yet to take place, we do not believe that the finality of the order denying arbitration is affected. There were essentially two separate actions in the California trial court: TPFC's special proceeding to compel arbitration, and Brown and Riding's action for a declaratory judgment and damages. In our view, the special proceeding finally determined the merits therein, i.e., the arbitrability of the dispute. Once a dispute has been found not arbitrable, the issue of arbitrability should not arise again during proceedings on the merits. The finality of the order entered in the special proceeding is not undermined by the fact that the outcome of the dispute itself must be resolved

by a separate action. See *Cole v. BT & G, Inc.,* 141 Cal.App.3d 995, 190 Cal.Rptr. 690 (1983) (order in special proceeding was a final judgment although merits of underlying dispute remained to be litigated in a separate action). We note that California follows the general rule that final judgments and orders in special proceedings, if on the merits, are res judicata. *See* 50 C.J.S. Judgments § 610; *Nightingale v. State Personnel Board,* 7 Cal.3d 507, 498 P.2d 1006, 102 Cal.Rptr. 758 (1972) (special proceeding for writ of mandamus); *Overstreet v. County of Butte,* 57 Cal.2d 504, 370 P.2d 335, 20 Cal.Rptr. 631 (1962) (special proceeding for writ of prohibition). Older cases, however, speak of the order denying arbitration as being interlocutory. *Berman v. Renart Sportswear Corp.,* 222 Cal.App.2d 385, 35 Cal.Rptr. 218 (1963). We need not resolve this issue, because in our view the California order denying arbitration would be res judicata even if it is considered interlocutory.

■ The gist of TPFC's argument is that an interlocutory order can never be res judicata, but we do not agree that this is the case. In California, the preclusive effect of an order depends on what the order determines, not on whether it is deemed interlocutory. *In re Los Angeles County Pioneer Society,* 40 Cal.2d 852, 257 P.2d 1, *cert. denied,* 346 U.S. 888, 74 S.Ct. 139, 98 L.Ed. 392 (1953). This functional test is in accord with the rule that an order may be res judicata as to part of the matter in dispute, while litigation continues as to the rest. *Wynn v. Treasure Co.,* 146 Cal. App.2d 69, 303 P.2d 1067, 1074 (1956); Restatement (Second) of Judgments, § 13 comment e. California cases have held appealable interlocutory orders to be res judicata, although the orders did not terminate proceedings on the merits. *See, e.g., Riley v. Turpin,* 53 Cal.2d 598, 349 P.2d 63, 2 Cal.Rptr. 457, 460 (1960) (interlocutory order in partition suit determining how attorney's fees would be apportioned between parties); *Reich v. Club Universe,* 125 Cal. App.3d 965, 178 Cal.Rptr. 473 (1981) (inter-

locutory order disqualifying attorney from acting as attorney for a class).

■ TPFC also asserts that California's "one final judgment" rule, under which there can be only one final judgment in any action, prevents the order denying arbitration from being res judicata. If we follow the view that the special proceeding was distinct from the litigation on the merits of the dispute, then the one final judgment rule does not prevent us from treating the order denying arbitration as final. *Cole, supra,* 141 Cal.App.3d at 998, 190 Cal.Rptr. at 692. Even treating the order as interlocutory, however, we disagree with TPFC that the one final judgment rule determines finality for purposes of res judicata. *Sjoberg v. Hastorf,* 33 Cal.2d 116, 199 P.2d 668 (1948), held that an order denying arbitration was not appealable because it was an interlocutory order not falling within one of the exceptions to the one final judgment rule. In response, the legislature passed Civil Procedure Code § 1294, making an order denying arbitration appealable. California cases and treatises discuss the one final judgment rule as being a rule of finality for purposes of appealability rather than for purposes of res judicata. *Efron v. Kalmanovitz,* 185 Cal.App.2d 149, 8 Cal. Rptr. 107, 110 (1960); 4 Cal.Jur.3d, Appellate Review §§ 19–23. *Central Bank v. Transamerica Title Insurance Company,* 85 Cal.App.3d 859, 149 Cal.Rptr. 822 (1978), appears to have collapsed these principles by analyzing finality for purposes of res judicata in terms of whether an order is appealable in spite of the one final judgment rule. Either view is consistent with the California and Restatement rule that a matter can be res judicata as to part of a case while litigation continues as to other matters, and with the *Turpin* and *Reich* cases, *supra,* where interlocutory orders were res judicata in spite of their not terminating the litigation on the merits.

We emphasize that we do not and need not hold that in California any appealable order is final for res judicata purposes. *See* Restatement (Second) of Judgments, § 13 comment b.[2] All we are holding is that under the functional test of *Los Angeles County Pioneer Society, supra,* an order denying arbitration is final for purposes of res judicata, and that the one final judgment rule of appealability does not compel a contrary result.

Our conclusion that the California order is res judicata is consistent with the holdings in other federal courts that have considered similar situations. *See Ultracashmere House, supra; Depuy-Busching, supra. See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., supra,* 103 S.Ct. at 934–35 (dictum; state court determination of arbitrability under the state arbitration law would be res judicata in the federal courts); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 637 F.2d 391, 397–98 (5th Cir.1981) (if prior state determination that dispute was not arbitrable was a final order it would be res judicata, even if rights under the federal act were not asserted in the state court); *Manes Organization, Inc. v. Standard Dyeing & Finishing Co.,* 472 F.Supp. 687 (S.D.N.Y.1979) (state court order compelling arbitration was res judicata in subsequent federal action for a stay of arbitration pending adjudication of the merits). The only case we have found which has held that a prior state court determination would not be res judicata is *Southern Bell Tel. & Tel. Co. v. Louisiana Power & Light Co.,* 309 F.2d 181 (5th Cir.1962), *on remand,* 221 F.Supp. 364 (E.D.La.1963). We decline to follow *Southern Bell* in light of our prediction of how the California Supreme Court would treat this order.

■ TPFC next argues that California Labor Code § 229 cannot remove from arbitration a dispute which is arbitrable under the Federal act, and that the California decision should not be given full faith and credit because it violates the supremacy clause. Assuming that California Labor

---

**2.** We express no opinion as to the controlling rule where the prior order was issued by a federal court.

Code section 229 cannot affect a party's right to arbitration under the Federal Arbitration Act, it does not follow that TPFC was entitled to prevail in the district court.[3] The lower federal courts have no appellate jurisdiction to review decisions of state courts. Under § 1738, we look only to how a California court would treat the prior judgment, and in California a judgment is res judicata even though incorrect on the law. *Slater v. Blackwood,* 15 Cal.3d 791, 543 P.2d 593, 126 Cal.Rptr. 225 (1975); *Busick, supra,* 104 Cal.Rptr. at 50, 500 P.2d 1386.

As a final matter, we reject TPFC's argument that it should be excused for not raising its rights under federal law in state court, because the California court would have almost certainly relied on Labor Code § 229 to deny arbitration anyway. Assuming this to be true, TPFC had three options. First, it could split its defenses, asserting its rights under the California act in state court and its federal rights in federal court, and gamble that the federal court would order arbitration before the state court could issue an adverse judgment that would be res judicata. Second, TPFC could have raised the federal act in the state court and, if its petition were rejected based on Labor Code § 229, appealed all the way to the U.S. Supreme Court, as was successfully done in *Keating.* A third course would have been to remove Brown and Riding's action to the District Court for the Northern District of California, based on diversity, and present the Federal Arbitration Act defense in what TPFC felt was a more sympathetic forum. TPFC gambled on the first course and lost. The consequence of TPFC's decision is that its federal claim is barred by res judicata in the California state courts, and section

1738 requires us to recognize this bar in the federal court as well.[4]

### III

The district court's order directing arbitration and staying the California proceedings will be reversed.

---

**3.** We have held this case under advisement pending the Supreme Court's decision in *Southland Corp. v. Keating, supra. Keating* held that the supremacy clause rendered inapplicable a California statute prohibiting arbitration of franchise agreements, where the Federal Arbitration Act would permit arbitration. The case before us is distinguishable from *Keating,* because here TPFC never asserted its rights under

the Federal Arbitration Act in the California litigation, so it cannot be said that the supremacy clause was violated.

**4.** In view of our disposition of the res judicata issue, we need not address the other grounds for appeal raised by Brown and Riding.