[No. B008667. Second Dist., Div. Three. July 1, 1985.]

VIVIAN WILDER, Plaintiff and Respondent, v.
WHITTAKER CORPORATION, Defendant and Appellant.

## COUNSEL

Gibson, Dunn & Crutcher, Kenneth W. Anderson, Amy Branaman and Ronald M. Greenberg for Defendant and Appellant.

Weisz & Weisz, Richard A. Weisz and Michael S. Klein for Plaintiff and Respondent.

## OPINION

**DANIELSON, J.**—Defendant Whittaker Corporation (Whittaker) appeals from an order denying a petition to compel arbitration and a motion for an order staying proceedings. We affirm the order.

### FACTS

In 1982, Whittaker filed a petition to compel arbitration of a dispute arising out of its employment contract with Vivian Wilder. The petition was denied by the trial court, whose decision was affirmed by this court in an unpublished opinion filed September 30, 1983 (2d Civ. No. 65676). On January 4, 1984, the California Supreme Court denied Whittaker's petition for hearing.

Shortly thereafter, the United States Supreme Court issued its opinion in *Southland Corp.* v. *Keating* (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852], which Whittaker contends is apposite. Whittaker filed a second petition to compel arbitration, asserting for the first time a right to arbitrate under the federal Arbitration Act, 9 United States Code section 1 et seq. This appeal is taken from the trial court's order denying the second petition.

## ISSUES

Whittaker contends the trial court erred in determining that the doctrine of "law of the case" precludes Whittaker from asserting a federal right to arbitrate. Wilder contends the appeal is frivolous and seeks sanctions.

## DISCUSSION

■ Under the doctrine of "law of the case," "a matter adjudicated on a prior appeal normally will not be relitigated on a subsequent appeal in the same case. [Citations.]" (*Davies* v. *Krasna* (1975) 14 Cal.3d 502, 507 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807].) The doctrine is generally applied upon retrial of a case following reversal of the judgment on appeal, and "deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 633, p. 4552.) (Italics in original.)

The doctrine applies even though in its subsequent consideration the trial or appellate court may be of the opinion that the former decision is erroneous. (*Ibid.*) "Only where to apply the law of the case results in manifest injustice (6 Witkin, Cal. Procedure, *supra*, Appeal, § 650) or there has been an intervening change in the law (6 Witkin, Cal. Procedure, *supra*, Appeal, § 651) may the trial court employ a different principle." (*Puritan Leasing Co.* v. *Superior Court* (1977) 76 Cal.App.3d 140, 146 [142 Cal.Rptr. 676]; *Selby Constructors* v. *McCarthy* (1979) 91 Cal.App.3d 517, 522 [154 Cal.Rptr. 164].)

■ Whittaker contends the decision in *Southland Corp.* v. *Keating, supra,* 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852] constitutes an intervening change in the law so as to render the doctrine of law of the case inapplicable. In *Southland,* the California Supreme Court denied arbitration of a dispute, based on the court's interpretation of the state Franchise Investment Law to require judicial consideration of claims brought thereunder. The state court held that the statute was not in conflict with the federal Arbitration Act pursuant to which the arbitration agreement had been made.

The United States Supreme Court found that in enacting the federal Arbitration Act, Congress created a substantive rule applicable in state as well as federal courts, and that its intent in so doing was "to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." (465 U.S. at p. 16 [79 L.Ed.2d at p. 15, 104 S.Ct. at p. 861].)

Therefore, the court held that the applicable section of the California Franchise Investment Law violated the supremacy clause of the federal Constitution.

The applicability of the federal Arbitration Act to state proceedings involving commerce as defined in the act is not a new concept in this state. (See, e.g., *Lounge-A-Round* v. *GCM Mills, Inc.* (1980) 109 Cal.App.3d 190, 194 [166 Cal.Rptr. 920], and cases there cited.) Moreover, *Southland* involved only one petition to compel arbitration, and the federal ground therefor was urged in the state court. *Southland* did not decide that a federal right to arbitrate that is not urged in the state court will nonetheless be enforced.

In *Towers, Perrin, Forster & Crosby, Inc.* v. *Brown* (3d Cir. 1984) 732 F.2d 345, employees who purchased shares of stock in the employer corporation pursuant to a shareholder's agreement providing that any dispute thereunder would be subject to arbitration, filed an action in the state superior court seeking, inter alia, a declaratory judgment that certain noncompetition and forfeiture provisions of the agreement were unenforceable. The employer filed a petition to compel arbitration pursuant to the California arbitration act (Code Civ. Proc., § 1280 et seq.). The petition was denied and the employer appealed. While the appeal was pending, the employer filed a petition in the federal district court to compel arbitration pursuant to the federal Arbitration Act. While the employer's motion for summary judgment was pending in the federal action, the California Court of Appeal affirmed the order denying arbitration. Thereafter, the federal court granted the petition filed in that court. The Court of Appeals for the Third Circuit held that the employer's federal claim was barred by res judicata. (732 F.2d at p. 351.) The court distinguished the situation in *Towers* from that in *Southland,* in that the employer in *Towers* "never asserted its rights under the federal Arbitration Act in the California litigation, so it cannot be said that the supremacy clause was violated." (732 F.2d at p. 351, fn. 3.)

The *Towers* court recognized that no California decision "has determined whether an order denying arbitration is entitled to preclusive effect in subsequent proceedings." (732 F.2d at p. 348, but see *Lounge-A-Round* v. *GCM Mills, Inc., supra,* 109 Cal.App.3d 190, 198-199.)[1] The court pre-

---

[1] In *Lounge-A-Round,* plaintiff filed an action in the Los Angeles Superior Court. Defendant then filed a petition to compel arbitration in the United States District Court for the Southern District of New York. This petition was dismissed with prejudice pursuant to a stipulation of the parties and the court's own deliberations. Thereafter, defendant filed a motion to compel arbitration in the pending superior court action. On appeal from the order denying the motion, this court found meritless defendant's contention that the motion was not precluded by the doctrine of res judicata.

dicted that the California Supreme Court would hold that the order in that case was a final order, and that res judicata applied, because (1) "[w]hat little case law there is on point indicates that the decision that a dispute is or is not arbitrable is conclusive of that issue," (732 F.2d at p. 348), (2) an order denying arbitration "meets the standard of finality for res judicata that the judgment be 'free from attack on appeal,'" (*id.*, at p. 349) i.e., the order, having been upheld on direct appeal, "could not be reviewed again on appeal from a determination of the merits of the dispute" (*ibid.*), and (3) the "one final judgment" rule does not preclude the order from being res judicata. "There were essentially two separate actions in the California trial court: [the] special proceeding to compel arbitration, and [the] action for declaratory judgment and damages" (*ibid.*), and the finality of the order denying arbitration "is not undermined by the fact that the outcome of the dispute itself must be resolved by a separate action," whether the order be considered a final judgment or an interlocutory order. (*Ibid.*)

In the present case, both petitions were filed in but a single action, indicating that the doctrine of law of the case applies. ■ The general rule is that the doctrine does not extend to points of law which might have been but were not raised on the prior appeal (*Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353, 360 [142 Cal.Rptr. 696, 572 P.2d 755]; *Estate of Horman* (1971) 5 Cal.3d 62, 73 [95 Cal.Rptr. 433, 485 P.2d 785]), or to points not necessary to the prior disposition (*Gyerman* v. *United States Lines Co.* (1972) 7 Cal.3d 488, 498 [102 Cal.Rptr. 795, 498 P.2d 1043]). ■ Thus, Whittaker contends the trial court erred in refusing to consider whether the subject dispute was arbitrable under the federal law, and that our prior determination that there was no agreement to arbitrate is not binding.

It is equally true that each petition instituted a separate special proceeding, complete unto itself, and the first of these proceedings resulted in an order which was affirmed on appeal, suggesting that the more stringent preclusive effect of the doctrine of res judicata should apply. (See *Towers, Perrin, Forster & Crosby, Inc.* v. *Brown, supra,* 732 F.2d 345, 349-350.)

We need not determine this most interesting question, as we perceive no manifest injustice in the trial court's application of the doctrine of law of the case. Moreover, we are persuaded that the subject agreement is not within the purview of the federal Arbitration Act, and that it would not in any event be enforceable thereunder.

The federal Arbitration Act provides for enforcement of agreements to arbitrate disputes arising out of contracts evidencing transactions involving "commerce." (9 U.S.C. § 2.) In defining "commerce" Congress declared that "'commerce,' as herein defined, means commerce among the several

States or with foreign nations, . . . but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." (9 U.S.C. § 1; *Southland Corp.* v. *Keating, supra,* 465 U.S. at p. 11, fn. 5 [79 L.Ed.2d at p. 12, 104 S.Ct. at p. 858].)[2]

In the instant case, Wilder was employed as supervisor of office services at Whittaker's corporate headquarters in Los Angeles, California, from December 13, 1960, to July 1979, when she accepted the position of "Travel Supervisor," and was transferred to Al Ain, Abu Dhabi, United Arab Emirates, where she worked on Whittaker's Tawam Hospital Project. The arbitration clause that Whittaker seeks to enforce appears in an assignment policy incorporated into a written employment contract signed by Wilder and dated July 6, 1979. The clause provides for resolution of employment disputes "in accordance with [Whittaker's] internal complaint and grievance procedures" and, that failing, arbitration "in accordance with the rules of the International Chamber of Commerce, Paris, France." The clause provides that "[a]ll arbitration proceedings shall be held in Geneva, Switzerland," and that "[t]he laws of the United Arab Emirates shall apply to and govern" the agreement.

We are satisfied the contract herein was a contract of employment of worker engaged in foreign commerce, and is therefor not within the purview of the federal Arbitration Act.

Finally, we note that the federal Arbitration Act provides for enforcement of agreements to arbitrate "save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) The federal cases recognize the unenforceability of unconscionable contracts. (See e.g. *Pittsfield Weaving Co.* v. *Grove Textiles* (1981) 121 N.H. 344 [430 A.2d 638].) A contract of adhesion is such an unconscionable contract. We determined, in our prior opinion, that the subject contract was a contract of adhesion. Under the doctrine of law of the case, this determination is binding in any event.

While Whittaker's contentions are meritless, it does not appear that the appeal was frivolous or taken solely for delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) We therefor deny the sanctions requested by Wilder.

---

[2]Some federal courts have held that the exclusion set forth in 9 United States Code section 1 is limited to workers employed in the transportation industries (e.g., *Miller Brewing* v. *Brewery Wkrs. Local U. No. 9, etc.* (7th Cir. 1984) 739 F.2d 1159, 1162 cert. den. — U.S. — [83 L.Ed.2d 926, 105 S.Ct. 912]); others have held that the exclusion is not so limited (e.g., *United Electrical R. & M. Wkrs.* v. *Miller Metal Prod.* (4th Cir. 1954) 215 F.2d 221, 223-224).

## DECISION

The order is affirmed.

Klein, P. J., and Arabian, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 3, 1985.