**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1603
_____

JEFF BAOLIANG ZHANG, Ph.D.,
Appellant

v.

DORRANCE PUBLISHING CO.; MICHAEL
KNAPP, Employee; VICKIE KOWALECKI, Employee

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00440)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2025

Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 15, 2025)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeff Baoliang Zhang, Ph.D., appeals from an order dismissing his complaint under Fed. R. Civ. P. 12(b)(6). We will affirm.

## I.

Zhang is a prolific pro se litigant and the author of a book titled "Accusing the American Judicial System of Rampant Corruption." In 2010, he entered into a contract for the publication of his book with the predecessor of Dorrance Publishing Company.

In 2022, Zhang filed suit against Dorrance and two of its employees in the Pennsylvania Court of Common Pleas for Allegheny County. He alleged (inter alia) that Dorrance failed to keep accurate records of the royalties he was due and failed to pay him those royalties, and he asserted claims for breach of contract and fraud. The defendants moved to compel arbitration under a contractual arbitration clause. The state court held an evidentiary hearing and, by order issued October 12, 2022, granted the motion and held that Zhang was required to arbitrate his claims. The court also stayed the civil action under 42 Pa. Cons. Stat. § 7304(d).

Zhang did not commence arbitration. Instead, he filed the federal action at issue here. He did so, in his words, because he was dissatisfied with the state-court proceeding and thus "decided to change the venue" for this matter. Toward that end, he named the same defendants and asserted the same claims. He also added federal claims for fraud under 18 U.S.C. § 1341 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), but he based those claims too on the same allegations he raised in state court.

2

The defendants filed a motion to dismiss Zhang's complaint on the grounds, inter alia, that his claims were barred by res judicata/claim preclusion and by the applicable statutes of limitations. A Magistrate Judge recommended granting defendants' motion on both grounds. Over Zhang's objections, the District Court adopted that recommendation and dismissed his complaint with prejudice. Zhang appeals.[1]

II.

We will affirm the dismissal of Zhang's complaint on res judicata grounds. The Magistrate Judge properly explained that, under the Full Faith and Credit Act, the District Court was required to give the state court's ruling preclusive effect because it is entitled to preclusive effect under Pennsylvania law. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005). We address three issues in that regard.

First, Zhang argues that the state court's ruling is not preclusive because the court erred in various respects, including by "ignoring" his testimony that the arbitration clause was "false." We express no opinion on Zhang's claims of state-court error because, even if the court erred as he claims, those kinds of alleged error do not deprive its ruling of preclusive effect. See In re Estate of Tower, 343 A.2d 671, 674-75 (Pa. 1975); Clark v. Payne, 390 F.2d 647, 647 (3d Cir. 1968) (per curiam); see also Towers, Perrin, Forster &

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Although Zhang appears to argue that our review is for clear error and abuse of discretion, it is instead de novo. See LabMD Inc. v. Boback, 47 F.4th 164, 178 n.7 (3d Cir. 2022). That standard is more favorable to Zhang, and we will apply it here because "[a] party cannot waive, concede, or abandon the applicable standard of review." United States v. United States Sugar Corp., 73 F.4th 197, 203 n.2 (3d Cir. 2023) (quotation marks omitted).

Crosby, Inc. v. Brown, 732 F.2d 345, 348 (3d Cir. 1984) (holding that a state court's ruling on arbitrability was res judicata even if the court applied the wrong law). Zhang's recourse for any state-court error is to seek whatever relief might be available in state court, not to file a duplicative federal suit.

Second, the state court's ruling has preclusive effect even though Zhang purported to assert new federal fraud claims because those claims were based on the same factual allegations and thus were part of the same cause of action. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548-49 (3d Cir. 2006) (applying Pennsylvania law). In that regard, the Magistrate Judge reasoned that Zhang's RICO claim was similar to a fraud claim that he could have asserted before. We agree, and we add that Zhang also could have asserted the RICO claim itself before because Pennsylvania courts have concurrent jurisdiction over RICO claims. See Drohan v. Sorbus, Inc., 584 A.2d 964, 968 (Pa. Super. Ct. 1990) (citing for that proposition Tafflin v. Levitt, 493 U.S. 455, 466 (1990), which also notes that RICO claims can be arbitrated like any other). As for Zhang's fraud claim under 18 U.S.C. § 1341, the Magistrate Judge construed it as merely another common-law claim. Zhang does not challenge that ruling, and it was proper because there is no private cause of action under § 1341. See Wisdom v. First Midwest Bank, 167 F.3d 402, 407-08 (8th Cir. 1999) (collecting cases).[2]

---

[2] For that reason, even if there were some basis to conclude that Zhang's claim under § 1341 is not precluded (which there is not), the claim would be subject to dismissal for failure to state a claim. The same appears true of Zhang's RICO claim. Defendants argued in the District Court that Zhang's RICO claim was legally deficient and, although

4

Third, the Magistrate Judge concluded that the state court's ruling is a final judgment for res judicata purposes because it resolved the arbitrability of Zhang's claims. The Magistrate Judge noted in that regard that Zhang does not appear to have appealed the state court's order. There may be some question whether that order was immediately appealable as of right. Compare Maleski v. Mut. Fire, Marine & Inland Ins. Co., 633 A.2d 1143, 1145-46 (Pa. 1993) (holding that such an order is not immediately appealable as a final order), with Chilutti v. Uber Techs., Inc., 300 A.3d 430, 436-39 (Pa. Super. Ct. 2023) (permitting appeal under the collateral order doctrine), appeal granted 325 A.3d 446 (Pa. 2024). Even if it were not, Zhang could have sought permission to file an interlocutory appeal, see Maleski, 633 A.2d at 1146 n.3, and his time to do so appears to have expired, see Pa. R. App. P. 1311(b).

In any event, Zhang does not challenge the finality of the state court's ruling for this purpose and there appears little basis to do so. As the Magistrate Judge noted, "Pennsylvania law takes a broad view of what constitutes a 'final judgment' for purposes of res judicata." Gen. Acc. Fire & Life Assurance Corp. v. Flamini, 445 A.2d 770, 772 (Pa. Super. Ct. 1982). In that case, for example, the Superior Court suggested that an order compelling arbitration was preclusive even though there was some question whether it was final. See id. at 772-73. Indeed, giving such orders preclusive effect is "a matter of common sense" because "[t]here must be a limitation" on challenges to

_____

the Magistrate Judge did not squarely reach the issue, she noted her agreement on that point. Zhang has provided no reason to question that conclusion.

arbitrability rulings. Towers, 732 F.2d at 349; see also id. at 348-49 (holding that "the decision that a dispute is or is not arbitrable is conclusive of that issue" and that the same was true under state law even if the ruling were interlocutory, though where the ruling already had been affirmed on interlocutory appeal); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983) (noting that a "state court's judgment on the issue [of arbitrability] would be res judicata" in federal court); cf. Stifel, Nicolaus & Co. v. Woolsey & Co., 81 F.3d 1540, 1545 (10th Cir. 1996) (collecting cases for the proposition that the preclusive effect of arbitrability rulings turns on what they determine and not whether they are interlocutory). Thus, we agree that the order was sufficiently conclusive to have preclusive effect under the circumstances presented here, including Zhang's admission that he filed this suit merely to "change the venue" of this matter.[3]

In sum, the state court's ruling that Zhang must arbitrate his claims precludes his effort to assert them in federal court. In light of this conclusion, we need not reach the District Court's ruling that Zhang's claims also are barred by their statutes of limitations. But we note that Zhang's challenges to that ruling are not persuasive and that we see no

---

[3] If Zhang had raised any meritorious challenge to the District Court's application of res judicata/claim preclusion, we would reach the same result by holding (as defendants also argued in the District Court) that the state court's arbitrability ruling is preclusive under the doctrine of collateral estoppel/issue preclusion. See Greenway Ctr., Inc. v. Essex Ins. Co., 475 F.3d 139, 147-48 (3d Cir. 2007) (holding that an interlocutory ruling triggered issue preclusion and discussing the Pennsylvania Supreme Court's reliance on § 13 of the Restatement (Second) of Judgments in Shaffer v. Smith, 673 A.2d 872 (Pa. 1996)); see also Haber v. Biomet, Inc., 578 F.3d 553, 556-58 (7th Cir. 2009) (applying § 13 in holding that an interlocutory arbitrability ruling was preclusive under state law).

basis to question it except to the limited extent noted in the margin.[4]  We also reject

Zhang's remaining arguments, including his argument that the District Court's ruling

deprived him of equal protection in violation of the Fourteenth Amendment.

III.

For these reasons, we will affirm the judgment of the District Court.  Zhang's

motion for the Court to make a decision is denied as moot.

---

[4] Most of Zhang's claims are barred in this suit by their statutes of limitations as the Magistrate Judge explained.  One possible exception is his claim that Dorrance failed to provide him with an accessible copy of his book as he requested in 2021.  Zhang included that allegation as part of his claim for breach of contract, and he appears to have filed this suit within Pennsylvania's four-year statute of limitations for such claims as measured from some of his allegations.  See 42 Pa. Cons. Stat. § 5525(a)(8).  But we need not decide that issue because Zhang could have asserted and indeed did assert this claim in his state court action too, so it is precluded as well.